FILED
SUPERIOR COURT
OF GUAM

2021 SEP 10 PM 2: 09

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE GUAM ROCKS, INC., | Superior Court Case No. <u>CV1101-18</u> |
| Petitioner, | |
| vs. | **DECISION AND ORDER RE RESPONDENTS CLTC'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| CHAMORRO LAND TRUST COMMISSION, Government of Guam by its Administrative Director, Michael Borja, | |
| Respondents. | |

The Court here considers Respondent Chamorro Land Trust Commission's ("CLTC")

Motion for Judgment on the Pleadings on Petitioner The Guam Rocks, Inc.'s Petition for

Declaratory Relief. Upon reviewing the pleadings, evidence, and relevant law, the Court

GRANTS CLTC's Motion.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On November 9, 2018, The Guam Rocks, Inc. filed a Petition for Declaratory Relief.

Guam Rocks alleges that in 2009, CLTC approved Guam Rocks' application and license

agreement for an area called "Lajuna." Pet. ¶ 6 (Nov. 9, 2018). Following its approval, the

CLTC issued Guam Rocks a Notice to Proceed and authorized access to Lajuna for surveying

and design plan grading. Pet. ¶ 8. The Petition further alleges that Guam Rocks subsequently

surveyed Lajuna, designed a Master Plan, and incurred expenses, including initiating the permit

application. Pet. ¶ 8. Based on the Master Plan, the Department of Public Works issued Guam

Rocks a permit for the cleaning and grading of Lujana. Pet. ¶ 9.

ORIGINAL

All work on Lujana stopped in February 2010 when the Guam Legislature "requested that the CLTC defer all commercial license and lease activities until the passage of CLTC's Rules and Regulations." Pet. ¶ 10. On November 9, 2015, the Guam Legislature enacted Public Law 33-95 ("PL 33-95"), which codified the CLTC's Rules and Regulations. Answer ¶ 11 (Apr. 12, 2019). Subsequently, beginning in December 2015, Guam Rocks initiated several efforts to request that CLTC approve reinstatement of the Lajuna project based on its approved license; however, CLTC failed to reinstate the Lajuna project. Pet. ¶ 12.

In a Motion for Judgment on the Pleadings, CLTC argues that the Court lacks jurisdiction over the Petition under the doctrine of sovereign immunity. In the alternative, CLTC contends that PL 33-95 nullified and voided CLTC's approval of the Lajuna project.

## II.   LAW AND DISCUSSION

Rule 12(c) states that "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." GRCP 12(c). A judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, "the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). Not only must the Court assume the truthfulness of the material facts alleged in the Complaint, all inferences reasonably drawn from these facts must be construed in favor of the responding party. *Fleming*, 581 F.3d at 925.

CLTC first argues that the Court lacks jurisdiction over Guam Rocks' Petition for Declaratory Relief on the grounds of sovereign immunity. Specifically, CLTC contends that the Government Claims Act ("Claims Act") governs Guam Rocks' action; and that Guam Rocks was

ORIGINAL

required to exhaust administrative remedies under the Claims Act. It follows, according to the CLTC, that Guam Rocks' Petition for Declaratory Relief is improper. Moreover, the CLTC asserts that the Claims Act did not waive the government's sovereign immunity for Guam Rocks' claims.

The CLTC's argument hinges on whether a Petition for Declaratory Relief, pursuant to 7 GCA § 26801, is the proper avenue for the relief Guam Rocks seeks. Section 26801 states that

> Any person ... who desires a declaration of his rights or duties with respect to another ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the court having jurisdiction for a declaration of his rights and duties in the premises....

CLTC cites *Barrett-Anderson v. Camacho*, 2015 Guam 20, as authority for its claim that Guam Rocks should have filed its claim under the Claims Act--and not under section 26801. In *Barrett-Anderson*, the Office of the Attorney General filed a complaint seeking a declaratory judgment, pursuant to 7 GCA § 26801, as to the validity of certain regulations governing the licensing and use of electronic gaming devices in Guam. 2015 Guam 20 ¶ 1. The Guam Supreme Court held that "7 GCA § 26801 appears to provide the AG with an avenue to challenge the regulatory scheme without the need to seek administrative remedies." However, Guam's Administrative Adjudication Law, which provided for the exact relief sought by the AG, was the proper vehicle for the claim, rather than "the more general action for declaratory relief ... [under] 7 GCA § 26801...." *Id.* ¶¶ 24-25. In reaching its conclusion, the Guam Supreme Court looked to sections 9308 and 9309 of the Administrative Adjudication Law, which specifically provide mechanisms for challenging the validity of an agency rule "by petitioning the relevant agency ... [and] for challenging the validity of an agency rule in the Superior Court, subject to the administrative exhaustion requirement." *Id.* ¶ 25.

ORIGINAL

Similar to the Guam Supreme Court in *Barret-Anderson*, the Court finds that 7 GCA § 26801

appears to provide Guam Rocks with an avenue for the relief it seeks.[1] Unlike in

*Barret-Anderson*, the Claims Act does not provide a mechanism for declaratory relief as to the

validity or effect of an agency approving a license application. *See* 5 GCA § 6101, *et seq.*

Accordingly, the Court finds that Guam Rocks has standing to bring its Petition and the Court

has jurisdiction to consider the case as a general action for declaratory relief under 7 GCA §

26801.

The Court next turns to the CLTC's argument that, because the parties did not execute a

License Agreement as to Lajuna, PL 33-95 voided Guam Rocks' License Application. CLTC

asserts that it made a discretionary decision in 2010 to cease issuing commercial licenses, despite

allegedly approving Guam Rocks' application. Moreover, the CLTC points to the language in 21

GCA § 75122(b)(6), enacted under PL 33-95, which states: "Any solicitation for interest or

proposals, prior to the enactment of this Act, for commercial activity on CLTC land with the

intent of entering into a commercial lease shall be null and void." Based on the statutory

language, the CLTC contends that Guam Rocks' License Application is void.

Accepting material facts in Guam Rocks' pleadings as true and drawing all inferences in

its favor, the Court finds that PL 33-95 voided the Laguna License Application. While the Court

notes that the CLTC did take certain actions indicating that it intended to enter into a License

Agreement as to Lajuna--approving Guam Rocks' application and license agreement at a

monthly meeting, issuing a Notice to Proceed, and authorizing access to Lajuna for surveying

and design plan grading--Guam Rocks does not dispute that it never received a License

Agreement. Absent an executed commercial lease, license, or other conveyance, the parties were

---

[1] The Court also notes that the language of 7 GCA § 26801 does not narrow the Court's review to petitions that seek a declaratory judgment as to a written instrument. *See* Respondent Mot. § VIII.

ORIGINAL

still in the proposal phase. Accordingly, PL 33-95 voided Guam Rocks' Lajuna License

Application.

## III.    CONCLUSION AND ORDER

Because PL 33-95 voided Guam Rocks' Lajuna license application, the Court finds, as a

matter of law, that Guam Rocks is unable to prove a set of facts that would entitle it to a

declaratory judgment that it has a valid license or lease agreement. Accordingly, the Court

GRANTS Respondent Chamorro Land Trust Commission's Motion for Judgment on the

Pleadings.

SO ORDERED this 10th day of September 2021.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

_The Guam Rocks_ c/o _Samantha Bern_

Date:_____ Time:_____

Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam

Appearing Parties:
The Guam Rocks, Inc., unrepresented[2]
Deputy Attorney General James L. Canto, II, Esq., Office of the Attorney General, for the
Chamorro Land Trust Commission

---

[2] Guam Rocks' former counsel, Law Office of Jacqueline Taitano Terlaje, P.C., withdrew on March 11, 2021. Since its attorney's withdrawal, Guam Rocks has been under the Court's instruction to retain new counsel. Order (Mar. 18, 2021). Guam Rocks' representatives agreed for the Court to review the CLTC's Motion for Judgment on the Pleadings, which it opposed in a pretrial memorandum, while it continued its search. Minute Entry (July 27, 2021).

ORIGINAL